BOUTALL, Judge.
This is a suit for personal injuries arising out of a collision between a police car and another vehicle in the 2300 block of Louisiana Avenue, New Orleans. Judgment was rendered dismissing plaintiff’s suit, and he appeals.
The undisputed facts show that on Thursday, July 18, 1968, at approximately 6:00 p. m., Patrolman William H. Derbyshire, a member of the New Orleans Police Department, on duty, was driving a marked police vehicle in the left lane of Louisiana Avenue, proceeding toward the river. He executed a left turn into the neutral ground opening in the middle of the block, an auxiliary crossing for a fire station located there, with the intention of making a “U” turn. There is a dispute as to whether the police car stopped, but in any event, it protruded into the left or neutral ground lane of traffic of the opposing roadway, some 2 or 3 feet.
At this same time, the plaintiff, Willie H. Montgomery, was driving his leased vehicle in the opposing roadway of Louisiana Avenue proceeding towards the lake. There was a collision between the left front fender of the police vehicle and the left rear side of plaintiff’s vehicle. Plaintiff urges that his personal injuries arose as a result of this collision.
It is plaintiff’s contention that the police car, in attempting to make its “U” turn, never did stop, but simply continued to roll through the neutral ground opening and into the rear of his car, as he passed in front of it. The defendants, on the other hand, urge that the police vehicle was stopped at a time when Montgomery was some ISO feet away, that Montgomery was in the righthand lane of traffic approaching at that time, and that as he got close to the police car, he attempted to change lanes from the right lane to the left or neutral ground lane, and in making this maneuver in front of the vehicle, caused his left rear to strike the protruding left fender of the police car.
There are several evidentiary questions posed to us, and it is well therefore to first consider these issues before a consideration of the evidence itself.
Appellant contends that the trial court erred in permitting all of the witnesses to remain in the courtroom during the trial, after he had made a motion for sequestration of the witnesses, and that the failure to *484 sequester all of the witnesses caused great prejudice to the plaintiff. LSA-C.C.P. art. 1631 reads as follows:
“Art. 1631. Power of court over proceedings; exclusion of witnesses.
The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done.
On its own motion the court may, and on request of a party the court shall, order that the witnesses, other than parties, be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interest of justice, the court may exempt any witness from its order.”
We note that the facts stated in appellant’s arguments on this issue are at variance with the record presented to us. The record shows that Mr. Plotkin, counsel for plaintiff, requested a sequestration of the witnesses, and that in response thereto the defense attorney requested that the driver of the police vehicle be allowed to remain because he was a defendant, and that the passenger in the vehicle be allowed to remain as a representative of the City of New Orleans, also a named defendant. To this request, counsel for plaintiff objected on the ground that the passenger was going to be a fact witness. The court then questioned the status of the passenger and was informed that the passenger was also a policeman on duty, and thus was a representative of the City of New Orleans. The record shows that the driver was indeed a named defendant and the court permitted both of these witnesses to remain. Plaintiff counsel then withdrew the rule for sequestration and asked that all witnesses come into the courtroom. Thereupon defendant counsel requested a sequestration of all of the witnesses other than the driver and the passenger. The court denied that request and plaintiff counsel then stated that he would agree with defendant counsel to let everyone stay in the courtroom. The court so ruled and after this was done, plaintiff counsel apparently changed his mind and again asked that the witnesses be sequestered. The court refused to do so, and announced that it had already ruled and the case should be proceeded with.
Under these circumstances, we are of the opinion that the judgment of the trial court was not an abuse of discretion. Certainly, the defendant driver, Derbyshire, was entitled to remain in the courtroom since he was being sued, and the City of New Orleans, who like any other corporation must have some agent or representative present, is entitled to have one of its policemen in the courtroom. It may be well to point out that the interest of the defendant driver and the City of New Orleans are not quite the same. As between themselves there could be some conflict of interest.
The next error alleged is that the court erred in allowing the defendant counsel to cross-examine the defendant driver who was initially called under art. 1634 of the Code of Civil Procedure for cross-examination. LSA-C.C.P. art. 1634 reads in part as follows:
“Art. 1634. Cross-examination of party or representative by adverse party and by all other litigants, including the party being examined.
Any party or his representative may be called as a witness and cross-examined by the adverse party without the latter vouching for his credibility, or being precluded from impeaching his testimony, and immediately thereafter the witness thus called may be examined or cross-examined to the extent otherwise permitted by law upon the subject matter of his examination in chief by such adverse party. The court may permit the recall *485 and further cross-examination of the party or of his representative as often as it deems such action to he in the interest of justice.”
* # * * &
 In his ruling the trial court was of the opinion that that statute permits cross-examination by his own counsel. We do not interpret the statute as such. We note that the statute contains a limitation with it that is, that the witness called under cross-examination “may be examined or cross-examined to the extent otherwise permitted by law”. As we see it the purpose of the statute was to permit the court to have all of the examination or testimony of the witness on the subject matter of the cross-examination to occur at the same time in order that a better evaluation could be made. Therefore, after being called in cross-examination, the witness could be examined by his own counsel, or cross-examined by counsel for other litigants. He may be cross-examined by his own counsel only in those circumstances permitted under our law, such as after laying a foundation for hostile witness, etc. Counsel for appellee urges to us that unlimited cross-examination is permitted under the federal rules, from which this article was derived. However, the wording of the statute is not the same and the article above mentioned certainly contains a limitation that the examination or cross-examination is only to the extent otherwise permitted by law. We have not been referred to any Louisiana law which permits cross-examination of one’s own party as a witness, and we are not able to discover any. There are of course those exceptions where cross-examination may be had of one’s own witness, where it is demonstrated that he is hostile, etc., but no such predicate was laid in this case.
In discussing the above quoted article, prior to its amendment, the Supreme Court in the case of Soprano v. State Farm Mutual Automobile Insurance Company, 246 La. 524, 165 So.2d 308 (1964) stated:
“The purpose of the article is to give litigants the right to examine their opponents under cross-examination, without vouching for the truth of their testimony or becoming bound by their answers.” (165 So.2d 313) .
To this we would add that the purpose of the amendment is to permit all of the testimony of the witness or party on the subject matter concerning which he has been cross-examined, to be heard at one time without interruption of other evidence, and thus enable the court to consider its effect in a more efficient manner. It is an aid to the orderly process of the court, and does not give additional right of cross-examination to any of the other parties, who still must abide by the evidentiary rules in effect.
Having concluded then that the court erred in permitting defendant to cross-examine, we pass to a consideration of the effect of the ruling.
The jurisprudence indicates that in each case we must consider the weight and effect of the erroneous ruling to achieve justice between the parties, and we may disregard all or part of the testimony improperly admitted into evidence. In this case counsel was permitted to ask leading questions throughout the examination, and in one or two instances go beyond the subject matter of the examination in chief. The result is such that we cannot isolate any portion of the testimony which is not objectionable. We are of the opinion that the testimony under cross-examination of the defendant driver by his own counsel must be excluded, and we will consider the record of evidence presented to the court on this basis.
The next error complained of is that the trial judge refused to admit into evidence the police report of the investigation of the accident, and more particularly, that portion thereof which is a sketch or diagram of how the collision occurred. A police report of itself is not admissible into evidence. Deville v. Aetna Insurance Com *486 pany, 191 So.2d 324 (La.App. 3rd Cir., 1966). Under the circumstances here, where the investigating officer did not arrive on the scene until some 20 minutes later, then began his investigation, and the report includes statements of the parties made at that time or later, it cannot form part of the res gestae. Fontenot v. Pan American Fire & Casualty Company, 209 So.2d 105 (La.App. 3rd Cir., 1968) ; Micheli v. Toye Bros. Yellow Cab Company, 174 So.2d 168 (La.App. 4th Cir., 1965).
It is possible, of course, that a diagram made by the investigating officer or any other portion of his report, could be admissible into evidence under certain circumstances, and for certain limited purposes. However, there must first be a foundation laid in order to justify its introduction for those purposes. In this case, it was simply attempted to place into evidence the diagram as primary evidence to show the facts of the accident. We are of the opinion that the trial judge properly excluded the diagram.
This brings us to a consideration of the evidence and the merits of the case. The trial court rendered oral reasons for judgment, and we quote:
“The Court’s been here a long time listening to a lot of song and dance and a lot of stories. The Court didn’t believe at first that the injury to the left front of the police automobile was possible until it was explained and the only way that that injury could have happened was for the plaintiff’s car to be coming at an angle and that angle would have caught the left front of the police automobile. The plaintiff is required to establish his case by preponderance of the evidence. The plaintiff has failed to establish his case by preponderance of the evidence and, therefore, there will be judgment in favor of the defendant dismissing the plaintiff’s suit.”
The plaintiff offered in his behalf Derby-shire, the defendant driver for cross-examination, his own driver, Willie Montgomery, a by-stander on the street in the area, George Gordon, and Dr. Bryon Unkauf for medical testimony. As opposed to this the defendants produced Officer Noble, the investigating officer, Officer Melancon, the passenger in the police car, and adopted the cross-examination previously made of Derbyshire, the defendant driver. This latter testimony, that is, the cross-examination of William Derbyshire by defendant under art. 1634, we have excluded from evidence.
We think that a fair appraisal of the evidence is as follows. The plaintiff and his witness Gordon testified that the plaintiff was driving his vehicle always in the first lane, that is, next to the neutral ground, that as he approached the auxiliary crossing in front of the fire station, the police vehicle attempted to make a U-turn and the front of the police vehicle ran into the side rear of plaintiff’s vehicle without ever stopping. As opposed to this the 3 officers testified that the police vehicle was stopped in the auxiliary crossing with its front protruding 2 or 3 feet into the first lane of traffic, and that plaintiff was approaching in the second lane of traffic, that is the sidewalk lane; that just before he reached the auxiliary crossing, the plaintiff attempted to cross from the second lane into the first lane, and in so crossing struck the left front of the stopped police car. Additionally, Officer Noble testified that plaintiff made a statement to him that he had changed lanes prior to the accident and that shortly thereafter plaintiff changed his story and told him that he had always been in the first lane of traffic. This was to some extent corroborated by Officer Mel-ancon, but denied by plaintiff.
With the testimony of the witnesses so opposed, it becomes a question of belief and evaluation of the testimony in order to arrive at a decision. In this regard, the trial court made statements about the evidence given by the witness Gordon as follows:
“Now, I’ve heard a lot of argument about a disinterested witness named Gor *487 don, Gordon is not a disinterested witness, he’s a member of the union of which this plaintiff is an officer. To that extent he is not disinterested.
Secondly, he was 150 feet away and it is admitted that between he and the scene of the accident seven automobiles passed in front of him and yet he sits here and I am supposed to believe that he wouldn’t tell anything but the gospel truth and that he saw everything he said he saw.”
The conclusion of the trial judge with regard to facts, particularly those involving credibility of witnesses, are entitled to great weight and will not be disturbed on appeal unless shown to be manifestly in error. Murphy v. Piro, 240 So.2d 111 (La.App. 4th Cir., 1970). There is nothing in the record that indicates to us that the testimony of the police officers is less believable than that of plaintiff and his witness Gordon. Since there is evidence in the record which does support the trial judge’s conclusions, we cannot say that he is manifestly in error, unless it be the last issue urged to us by appellant, and upon which he bases most of his appeal.
Appellant urges to us that the court did not grant him a fair and impartial trial, by reason of making a number of inflammatory expletives about counsel, making highly prejudicial and improper comments to counsel, and in prejudging the case. These are rather severe charges to make against the trial court, however, they have been made and we feel called upon to consider the charges, only, however, in relation to the bearing that it has upon the case before us. Since this is a matter of credibility of witnesses, such charges could have a bearing upon the conclusion of the trial court, and upon the conclusion of this court.
We note that the record of the first day of trial took some 212 pages of written testimony, and that on the next day of trial, some additional 11 pages. We have not counted the objections to the various questions and offers of evidence on both counsel, but in rough approximation it would appear that one half as many objections as there are pages of testimony would be fairly accurate. The record shows that there were about as many objections on one side as on the other, and that the court ruled in favor of one side or another as the law seemed to indicate. There were no exchanges or heated discussions between the court and appellant counsel until the defendants began putting on their case and during the cross-examination by counsel of the police officers. Continual objections^ were raised as to plaintiff’s method of cross-examination and these were sustained by the court. The court ordered the plaintiff to get on with the case, and thereupon disputes arose
It would serve little purpose to repeat here the long and heated discussions entered into between the court and counsel. Suffice it to say that there were 4 major exchanges between them. We have examined the record in each case and find that the evidentiary ruling of the court was correct. In the first, it was a question of considerable repetition which was stopped by the court. The second exchange was brought on by counsel continuing to ask the police officer if he knew of any reason why plaintiff made certain statements to him. Another exchange was brought on by counsel summarizing the witness’s testimony in questions, and objection being maintained thereto. The last exchange was brought on by a discussion between the court and counsel as to whether the witness’s testimony differed from his deposition when he testified in the one that he saw the vehicle 10 to 15 feet away and in the other said the car was right in front of him. This was at the conclusion of the first day’s trial.
A consideration of the record convinces us that the trial judge’s ruling in these respects were correct. We do not intend by this to say that we approve of some of the language used by the trial judge. However, we are concerned with the effects upon the case, and we find that the trial *488 judge in each case permitted counsel sufficient latitude to explore the matter at hand, and consistently informed counsel that he would be glad to hear any new matter. We find no error in the trial judge’s rulings therein.
There are two other items raised in connection with this issue to which we must direct our attention. Appellant contends that the trial judge ordered a number of statements of both counsel and the court stricken from the record. It is apparent that this decision ensued after the court refused to hear additional witnesses on that day of trial, the time then being 4:45 p. m. and continued the case to another day. The trial judge stated that he saw no reason to include any such statements in the record because he had closed court and any remarks were not directed to the record nor were they of any evidentiary value. We must agree with this decision. We do not think it appropriate to produce before us any personal disagreement had after the court recessed. It is not within our jurisdiction to determine such questions of conduct.
The last matter is appellant’s complaint that:
“After the officer’s testimony, the defendants rested; plaintiff’s counsel attempted to recall Mr. Montgomery, but the Court refused this request, continuing the case for three weeks, at which time, without any additional testimony, judgment for defendants was rendered.”
This statement is simply not true. The record shows that Mr. Montgomery was recalled and testified, and that at the conclusion of his testimony, counsel informed the court “That’s all I have, Your 'Honor, on rebuttal.” Thereafter, counsel made a proffer of the diagram in the police report which was not admitted into evidence because of objection, previously discussed herein. Thereafter, the court offered counsel an opportunity to argue the case and argument was had.
We cannot say that the trial judge’s findings in this case are not supported by the evidence which we have concluded admissible herein. Although we do not approve of his choice of language, we find no such error as would cause us to reverse his decision. The judgment in favor of defendants is affirmed.
Affirmed.